## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 06 B 07722 |
| | ) | Chapter 7 |
| KATHY D. LINDEMANN, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM D. FIALA, | ) | Adversary No. 06 A 01661 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATHY D. LINDEMANN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion of Kathy D. Lindemann (the "Debtor") for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 against William D. Fiala (the "Plaintiff") and his attorney, Andrea Hoeflich ("Hoeflich"). For the reasons set forth herein, the Court denies the Debtor's motion.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

-2-

## II. **FACTS AND BACKGROUND**

On October 24, 2006, the Plaintiff filed the instant adversary proceeding against the Debtor. Pursuant to the complaint, the Plaintiff objected to the Debtor's discharge under 11 U.S.C. § 727(a)(2)(A) and (B), (3), (4), and (5). On June 28, 2007, the Debtor filed a motion for summary judgment wherein she argued that the Plaintiff could not meet his burden of proof on the respective claims in the complaint. The Plaintiff, by choice, did not respond to the motion. As a result, on September 20, 2007, the Court issued a Memorandum Opinion wherein it granted the Debtor's motion for summary judgment. *Fiala v. Lindemann (In re Lindemann)*, 375 B.R. 450 (Bankr. N.D. Ill. 2007). The Court held that the Debtor negated several essential elements of all the Plaintiff's claims based upon the deemed admissions arising from the Plaintiff's failure to respond to the motion for summary judgment. *Id.*

After the Court issued its Opinion, on September 26, 2007, the Debtor filed the instant motion for sanctions. The Debtor contends that as a result of the Plaintiff's failure to respond to the motion for summary judgment, the "Plaintiff submits that the entire litigation was without factual basis and brought with the hope of extorting a settlement based upon the Plaintiff's ability to fund the litigation." (Mot. for Sanctions ¶ 21.) The Debtor asserts that she complied with the "safe harbor" provision of Bankruptcy Rule 9011, which required her to afford the Plaintiff the opportunity, within twenty-one days after the service of the motion for sanctions, to withdraw the offending pleading–the complaint. (*Id.* ¶¶ 19 & 20.) According to the Debtor, a motion for sanctions along with a letter seeking the withdrawal of the complaint was sent to Hoeflich on August 22, 2007. (*Id.*) As sanctions against the Plaintiff and Hoeflich, the Debtor seeks reimbursement of her attorney's fees in

-3-

the sum of $7,350.00 and her costs of $310.59. In support of those fees and costs, the Debtor's attorney, Richard L. Hirsh ("Hirsh"), submitted an affidavit that sets forth the services he rendered on behalf of the Debtor and the expenses he incurred with respect to the motion for summary judgment.

The Plaintiff filed a response wherein he states that prior to the May 2007 pretrial conference held in this adversary proceeding, Hoeflich, advised him that if a resolution of the matter did not come about from the pretrial conference, they would reevaluate the course of the proceeding and weigh the benefit of continuing with the matter. (Resp. to Mot. for Sanctions ¶ 4.) After the pretrial conference, Hirsh requested a demand for settlement. (*Id.*) According to the Plaintiff, after presenting a settlement demand, Hirsh indicated in September 2007 that the Debtor would not settle the matter. (*Id.*) The Plaintiff denies that his filing and prosecuting of this adversary proceeding violates any rules that warrant the imposition of sanctions. (*Id.* ¶ 8.)

The Plaintiff further claims that it was the case trustee who questioned the Debtor's veracity when he requested that the Debtor produce an accounting of the money the Plaintiff loaned to the Debtor. (*Id.*) The Plaintiff contends that the Debtor's accounting, her subsequent explanations with respect to how she spent the money, and her claim of business expenses were "sorely inadequate." (*Id.*) The Plaintiff questioned the Debtor's intent based upon her income tax returns, the bankruptcy petition, her attempts at accounting, and her purportedly fictitious and manufactured business expenses. (*Id.* ¶ 10.) Furthermore, according to the Plaintiff, it was not until the filing of the Debtor's summary judgment motion that she produced an accountant who stated that the borrowed funds were not income.

-4-

(*Id.*) The Plaintiff maintains his position that the salary the Debtor paid herself from the borrowed funds constituted income that she never reported on her income tax return. (*Id.* ¶ 11.) Moreover, the Plaintiff denies that the adversary proceeding was filed in bad faith or that Hoeflich showed a reckless indifference for the law. (*Id.* ¶ 17.) Finally, according to the Plaintiff, the "safe harbor" letter that Hirsh sent to Hoeflich was mailed to an incorrect address and was not received by Hoeflich. (*Id.* ¶ 19.)

The Plaintiff attached to his response an affidavit from Hoeflich. Hoeflich avers that she did not receive the safe harbor letter from Hirsh. (Hoeflich Aff. ¶ 8.) According to Hoeflich, the letter was mailed to her former address even after Hirsh was advised of her new address. (*Id.*) Hoeflich states that she moved her office on July 26, 2007, from Downers Grove, Illinois to Clarendon Hills, Illinois, and on July 30, 2007, she sent notice to counsel, including Hirsh, on all active files in her office of this change in address. (*Id.* ¶ 7.)

As to the merits of the complaint at issue, Hoeflich asserts that prior to filing same, she discussed the merits of the matter with the Plaintiff and reviewed the documents the Debtor had tendered to the case trustee. (*Id.* ¶ 2.) Hoeflich states that after review of those documents, she believed that the Debtor misstated her income from the business; that she misrepresented her business expenses; that the business expenses were false and manufactured; that her accounting was deficient and self-serving; and that the Debtor lacked credibility. (*Id.*) According to Hoeflich, Hirsh initiated the settlement discussions by requesting a demand for settlement. (*Id.* ¶ 4.) Hoeflich avers that after learning that the Debtor was not willing to settle the matter and discussing the matter further with the case trustee, she advised the Plaintiff that "it was no longer in his best interest to continue to

-5-

pursue the adversary proceeding, that he would be throwing 'good money after bad.'" (*Id.*

¶ 5.) Further, Hoeflich states that after she received the Debtor's motion for summary

judgment, she advised the Plaintiff that it would be costly to contest the motion, and that

although she believed the Plaintiff would prevail on the motion, she again told him that he

would be throwing good money after bad. (*Id.* ¶ 6.)

Neither the Debtor nor the Plaintiff requested an evidentiary hearing. Thus, the Court

took the matter under advisement based on the filed pleadings.

Initially as an aside, the Court notes multiple typographical and proofreading errors

in the Debtor's motion and reply. First, the caption of the motion refers to 28 U.S.C. § 727.

No such statute exists. Next, throughout the motion and reply, the Debtor sometimes refers

to the Plaintiff, who is a male, and "her counsel." (Mot. for Sanctions ¶¶ 11(d) & (e)(i)-(v);

Debtor Reply to Pl. Resp. pp.2-3.) Further, in one sentence in the reply, the Debtor refers

incorrectly to herself instead of the Plaintiff: "[*t]he debtor and his counsel* continue to make

these spurious and unfounded arguments notwithstanding the Plaintiff's admissions,

notwithstanding the findings of this court." (Debtor Reply to Pl. Resp. p. 2.) (emphasis

supplied). Still further, the Debtor references 11 U.S.C. § 1927 in the reply; this statute does

not exist. (*Id.* p. 6.)


## III. DISCUSSION

### A.      Request for Sanctions Under Federal Rule of Bankruptcy Procedure 9011

Bankruptcy Rule 9011 is modeled after Federal Rule of Civil Procedure 11 and is

"essentially identical" to Rule 11. *In re Park Place Assocs.*, 118 B.R. 613, 616 (Bankr. N.D.

-6-

Ill. 1990). Rule 11 was amended in 1993 to add certain notice requirements and these same amendments were later made to Bankruptcy Rule 9011, effective in 1997. Thus, courts look frequently to cases that interpret Rule 11 when construing Bankruptcy Rule 9011. *In re Famisaran*, 224 B.R. 886, 894 (Bankr. N.D. Ill. 1998). Some Rule 11 cases decided prior to the procedural amendment are still applicable today in analyzing Bankruptcy Rule 9011 because the substantive provisions were not altered. *See In re Collins*, 250 B.R. 645, 659 (Bankr. N.D. Ill. 2000); *State Bank of India v. Kaliana (In re Kaliana)*, 207 B.R. 597, 601 (Bankr. N.D. Ill. 1997).

The goal of the sanctions remedy provided under Bankruptcy Rule 9011 is to deter unnecessary complaints and other filings. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). The Rule is not intended to function as a fee-shifting statute that would require the losing party to pay fees and costs. *Kaliana*, 207 B.R. at 601 (*citing Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989)) ("Rule 11 is not a fee-shifting statute in the sense that the loser pays."). Thus, the Rule focuses on the conduct of the parties and not the results of the litigation. "Rule 11 sanctions are only to be granted sparingly, and should not be imposed lightly." *Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-93 (N.D. Ill. 2004) (citation omitted).

Bankruptcy Rule 9011 provides in relevant part as follows:

> (a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. . . .
> (b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other

-7-

paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a

-8-

> petition in violation of subdivision (b). If
> warranted, the court may award to the party
> prevailing on the motion the reasonable
> expenses and attorney's fees incurred in
> presenting or opposing the motion. . . .
>
> . . .
>
> (2) Nature of Sanction; Limitations.  A
> sanction imposed for violation of this rule
> shall be limited to what is sufficient to deter
> repetition of such conduct or comparable
> conduct by others similarly situated. Subject
> to the limitations in subparagraphs (A) and
> (B), the sanction may consist of, or include,
> directives of a nonmonetary nature, an order to
> pay a penalty into court, or, if imposed on
> motion and warranted for effective deterrence,
> an order directing payment to the movant of
> some or all of the reasonable attorneys' fees
> and other expenses incurred as a direct result
> of the violation.
>
> . . .
>
> (3) Order.  When imposing sanctions, the
> court shall describe the conduct determined to
> constitute a violation of this rule and explain
> the basis for the sanction imposed.

FED. R. BANKR. P. 9011.

A court may impose sanctions if it finds a violation of any one of the four

subdivisions of Bankruptcy Rule 9011(b). *Collins*, 250 B.R. at 661.  Bankruptcy Rule 9011

provides that upon presenting in the manner of signing, filing, submitting, or later advocating

documents to the court, a party or their counsel represents that to the best of that person's

knowledge, information and belief, formed after a reasonable inquiry under the

circumstances, such document is not presented (1) for any improper purpose, (2) based upon

frivolous legal arguments, (3) without adequate evidentiary support for its allegations, and

(4) without a basis for denials of fact. *See* FED. R. BANKR. P. 9011(b)(1)-(4).  "[T]he four

-9-

subdivisions of Rule 9011(b) fall into two general categories: the 'frivolousness' clauses (or the 'objective component') and the 'improper purpose' clause (or the 'subjective component')." *In re Am. Telecom Corp.*, 319 B.R. 857, 867 (Bankr. N.D. Ill. 2004), *aff'd, Am. Telecom Corp. v. Siemens Info. & Commc'ns Network, Inc.*, No. 04 C 8053, slip op. (N.D. Ill. Sept. 7, 2005); *Kaliana*, 207 B.R. at 601.

Bankruptcy Rule 9011(b)(1) prohibits the filing of a pleading for an improper purpose, such as delay, harassment, or causing expense, even if the filing relates to a claim that is otherwise colorable. *Am. Telecom*, 319 B.R. at 867. Bankruptcy Rule 9011(b)(2)-(4) requires a party's attorney to perform a reasonable preliminary investigation of the facts and the applicable law before filing a paper in federal court. *Id.*

The "improper purpose clause," under Bankruptcy Rule 9011(b)(1) is directed at abusive litigation practices and encompasses papers filed to cause unnecessary delay, to increase litigation costs, or filed to harass. *Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337, 366 (Bankr. N.D. Ill. 2005); *Am. Telecom*, 319 B.R. at 872. In order to determine whether a paper was interposed for any improper purpose, a court must look to "objectively ascertainable circumstances that support an inference" that the non-movant's purpose for filing a paper was improper within the meaning of Bankruptcy Rule 9011(b)(1). *Collins*, 250 B.R. at 662. "A paper interposed for any improper purpose is sanctionable whether or not it is supported by the facts and the law, and no matter how careful the pre-filing investigation." *Kitchin*, 327 B.R. at 366.

With respect to the "frivolousness clauses," the relevant inquiry has two prongs: (1) whether the attorney made a reasonable inquiry into the facts and (2) whether the attorney

-10-

made a reasonable investigation of the law. *Home Savs. Ass'n of Kansas City, F.A. v. Woodstock Assocs. I, Inc. (In re Woodstock Assocs. I, Inc.)*, 121 B.R. 238, 242 (Bankr. N.D. Ill. 1990). "The legal papers an attorney files in any case must be grounded in both a nonfrivolous legal theory and well-founded factual contentions and/or denials that, at a minimum, have a reasonable possibility of having evidentiary support after further investigation and discovery." *Am. Telecom*, 319 B.R. at 867. Good faith alone is not enough to comply with the frivolousness clauses of Bankruptcy Rule 9011. *Id.* Indeed, "Rule 9011 imposes an affirmative obligation upon counsel to conduct a reasonable inquiry into both the law and the facts before advancing a particular position to the court." *In re Martin*, 350 B.R. 812, 817 (Bankr. N.D. Ind. 2006).

In making the determination of whether a reasonable inquiry was made with respect to the facts of a case, courts must consider five factors: (1) whether the signer of the document had sufficient time for investigation; (2) the extent to which the attorney had to rely on the client for the factual foundation underlying the pleading; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's ability to perform a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Woodstock*, 121 B.R. at 242. In sum, the investigation of the facts must have been reasonable under the particular circumstances of the case. *In re Excello Press, Inc.*, 967 F.2d 1109, 1112-13 (7th Cir. 1992). A pleading is well-grounded in fact if it has some reasonable basis in fact. *Woodstock*, 121 B.R. at 242. On the other hand, a pleading is not well-grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known by the attorney signing the

-11-

document. *Id.* Nonetheless, the Rule does not require investigation to the point of absolute

certainty. *Kaliana*, 207 B.R. at 601. All of these factors have been considered here.

Under Bankruptcy Rule 9011(c)(1), "sanctions proceedings may be initiated in two

ways, by motion or at the initiative of the trial court." *Divane v. Krull Elec. Co., Inc.*, 200

F.3d 1020, 1025 (7th Cir. 1999). When sanctions are requested upon a party's motion

pursuant to Bankruptcy Rule 9011(c)(1)(A), two requirements must be met: (1) the motion

must be made separate and apart from other motions or requests and "[must] describe the

specific conduct alleged to violate" representations to the court, and (2) "the motion may not

be presented to the court unless, within twenty-one days of service, the non-movant has not

withdrawn or corrected the challenged behavior." *Id.* The separate motion requirement

prevents the sanctions request "'from being tacked onto or buried in motions on the merits,

such as motions to dismiss or for summary judgment.'" *Kitchin*, 327 B.R. at 362 (*quoting

Ridder v. Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997)). Here, the Debtor seeks

sanctions under Bankruptcy Rule 9011 and 28 U.S.C. § 1927 by way of separate motion after

the motion for summary judgment was granted in her favor. Thus, the Court finds that the

"separateness" requirement under Bankruptcy Rule 9011(c)(1)(A) has been met. *See Kitchin*,

327 B.R. at 362-63.

A court that imposes sanctions by motion without adhering to the twenty-one day safe

harbor abuses its discretion. *Divane*, 200 F.3d at 1025 (*citing Johnson v. Waddell & Reed,

Inc.*, 74 F.3d 147, 150-51 (7th Cir. 1996)). The "safe harbor" provision in Bankruptcy Rule

9011(c)(1)(A) is a mandatory procedural prerequisite and sanctions imposed without

compliance are improper. *In re McNichols*, 258 B.R. 892, 902-03 (Bankr. N.D. Ill. 2001).

-12-

"The purpose of the safe harbor provision is to give the offending party the opportunity, within twenty-one days after service of the motions for sanctions, to withdraw the offending pleading and thereby escape sanctions." *Kitchin*, 327 B.R. at 359-60. This provision "serves the laudable purpose of requiring litigants to dispose of frivolous claims without judicial involvement." *Id.* at 361. Rule 11(c) was designed to ensure due process and give the potentially offending party a "full and fair opportunity to respond and show cause before sanctions are imposed." *Divane*, 200 F.3d at 1025.

The Plaintiff disputes that the Debtor complied with the safe harbor provision of Bankruptcy Rule 9011. According to Hoeflich, the August 22, 2007 letter Hirsh sent was mailed to her former address in Downers Grove even though Hirsh had been notified of Hoeflich's new address in Clarendon Hills. (Hoeflich Aff. ¶¶ 7 & 8.) Hoeflich contends that she did not receive the requisite twenty-one day notice until the motion for sanctions was filed with the Court. (*Id.* ¶ 8.) Hirsh admits that he sent the letter to Hoeflich's Downers Grove address, but avers that the letter was not returned to him as undeliverable by the postal service. (Hirsh Aff. ¶ 4.) Apparently, the safe harbor letter was not forwarded to Hoeflich at her new address. The Debtor contends that Hoeflich failed to file a change of address with the Clerk of the Court and, thus, created "serious confusion." (Debtor Reply to Pl. Resp. p. 3.)

Federal Rule of Bankruptcy Procedure 9006(e) states that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." FED. R. BANKR. P. 9006(e). Hence, under Bankruptcy Rule 9006(e), upon mailing, service is complete. *Turgeon v. Victoria Station Inc. (In re Victoria Station Inc.)*, 840 F.2d 682, 684

-13-

(9th Cir. 1988). This Rule implies that a correctly mailed letter that is properly addressed creates a presumption that proper notice was given. *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 735 (5th Cir. 1995); *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139 (Bankr. S.D. Tex. 1993). Actual receipt of the letter by Hoeflich is not required. *See In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988). Thus, the real issue here is whether Hirsh properly mailed the letter, not whether Hoeflich received it. *See Eagle Bus*, 62 F.3d at 735; *Schepps*, 152 B.R. at 139.

In order to determine if a proper mailing was accomplished, courts may consider whether the letter was correctly addressed, whether proper postage was affixed, whether it was properly mailed, and whether a proper certificate of service was filed. *Eagle Bus*, 62 F.3d at 735-36. Hirsh's affidavit does not address whether proper postage was affixed to the letter, whether it was property mailed, or whether a proper certificate of service was filed.

Hirsh acknowledges that he sent the safe harbor letter to Hoeflich on August 22, 2007, at her Downers Grove address after she had moved to the Clarendon Hills address, and after she had sent him notice of her change of address. Thus, Hirsh virtually admits that the letter to Hoeflich was not correctly addressed. Hirsh does not deny that he was aware of Hoeflich's new address in Clarendon Hills. Instead, he argues that Hoeflich's failure to file a change of address with the Clerk of the Court somehow excused him from sending the safe harbor letter to her new address. Hirsch is sorely mistaken.

Hirsch knew of Hoeflich's new address, yet chose to send the letter to her former address. This hardly comports with proper procedural due process. The requirement of using a proper mailing address is to afford parties basic due process notice. *See In re*

-14-

*Glenwood Med. Group, Ltd.*, 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997). Sending a mailing

to an old address after a known move to a different address is not "notice reasonably

calculated, under all the circumstances, to apprise interested parties. . . ." *Mullane v. Cent.*

*Hanover Bank & Trust Co*, 339 U.S. 306, 314 (1950). The Court must look to the totality

of the circumstances in determining what notice was reasonable. *State of Ill. ex rel. Hartigan*

*v. Peters*, 871 F.2d 1336, 1340 (7th Cir. 1989). Sending the safe harbor letter to a wrong

address is not reasonable. Common sense and better practice dictates mailing copies to all

known addresses for the recipient in order to ensure actual delivery and receipt. Hoeflich's

failure to notify the Clerk of the Court of her change of address does not, in and of itself,

justify Hirsh sending the letter to Hoeflich's former address.

The Court finds that the safe harbor letter was not properly addressed to Hoeflich.

Her denial of receipt of that letter, coupled with Hirsh's knowledge of Hoeflich's correct

address, sufficiently rebuts the presumption that proper notice was given under Bankruptcy

Rule 9011. Thus, the Plaintiff was not given the opportunity, within twenty-one days after

service of the motion for sanctions, to withdraw the alleged offending pleading–the

complaint. Accordingly, the Court finds that the Debtor failed to comply with the safe

harbor provision of Bankruptcy Rule 9011. Therefore, the award of sanctions against the

Plaintiff and Hoeflich would be improper.

Even if the Court were to find that the Debtor complied with the safe harbor

provision, the Court declines to sanction the Plaintiff and Hoeflich under Bankruptcy Rule

9011. The Debtor has not offered any proof to support the unverified allegations in her

motion that the adversary proceeding was filed "without factual basis and brought with the

-15-

hope of extorting a settlement based upon the Plaintiff's ability to fund the litigation." (Mot. for Sanctions ¶ 21.) The Debtor's unsworn allegations in her motion do not constitute evidence. Because no proof was offered, there should not be any sanctions levied against the Plaintiff or Hoeflich. It is the Debtor's responsibility to offer proof to establish the allegations she made in the motion for sanctions. The papers are devoid of any evidence, documentary or testimonial, that the Plaintiff attempted to "extort" a settlement from the Debtor.

Moreover, the fact that the Plaintiff's attorney, Hoeflich, told the Plaintiff that he would be throwing good money after bad by pursuing the adversary proceeding does not, ipso facto, indicate the complaint was filed in bad faith or with reckless indifference for the law. Litigation is expensive and Hoeflich's statement could be construed as an indication that the Plaintiff would have to spend more money in order to pursue a theory of recovery deemed no longer viable in light of the accountant's anticipated testimony favoring the Debtor. The Debtor failed to prove that Hoeflich pursued a path that a reasonably careful attorney would have known to be unsound after appropriate inquiry.

Hoeflich specifically states that before filing the complaint she discuss the merits of the matter with the Plaintiff, after review of documents tendered by the Debtor at the request of the case trustee, which led to the belief that the Debtor misstated her income and business expenses. (Hoeflich Aff. ¶ 2.) Such action is indicative of the requisite pre-filing fact investigation, and negates the Debtor's argument to the contrary. There is no contrary proffer or affidavit from the Debtor. Hirsh's affidavits only reference his itemized time and services rendered, and state that he prepared the safe harbor letter that was not returned to him.

-16-

Hence, the Plaintiff and Hoeflich have contradicted and/or explained sufficiently the allegations made by the Debtor in the motion for sanctions to justify their actions in filing the complaint, but subsequently not prosecuting it. In sum, the Court finds that the Debtor has not demonstrated that either the Plaintiff or Hoeflich acted in any way that violated Bankruptcy Rule 9011. Accordingly, the Court declines to sanction the Plaintiff or Hoeflich.

The Debtor's motion for sanctions appears to be an attempt to shift the payment of her attorney's fees and costs to the Plaintiff after she successfully prosecuted a defensive summary judgment motion. Bankruptcy Rule 9011 is not intended to function as a fee-shifting statute that requires the losing party to pay fees and costs. "Discouraging frivolous litigation–not punishing litigants–is Rule 11's purpose." *Brown v. Pierce Mfg., Inc.*, 169 F.R.D. 118, 119 (E.D. Wis. 1996).

**B.    Request for Sanctions Under 28 U.S.C. § 1927**

Next, the Debtor seeks sanctions against Hoeflich pursuant to 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the Unites States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Attorneys can be sanctioned under § 1927 if they unreasonably and vexatiously multiply proceedings in any case. *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998); *In re Volpert*,

-17-

110 F.3d 494, 500-01 (7th Cir. 1997). The Seventh Circuit Court of Appeals has held that a bankruptcy judge can sanction an attorney under the authority of 28 U.S.C. § 1927. *Adair v. Sherman*, 230 F.3d 890, 895 n.8 (7th Cir. 2000).

The purpose of § 1927 "'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (*quoting Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). Either subjective or objective bad faith is a prerequisite for awarding sanctions under this section. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). "Subjective bad faith, the more difficult type of bad faith to prove, is not always necessary. Subjective bad faith must be shown only if the conduct under consideration had an objectively colorable basis." *Id.* (citations omitted) The standard for objective bad faith, on the other hand, "does not require a finding of malice or ill will; reckless indifference to the law will qualify." *Id.* A court has discretion to impose § 1927 sanctions

> when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," pursued a claim that is "without a plausible legal or factual basis and lacking in justification," or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound[.]"

*The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (*quoting Kapco Mfg.*, 886 F.2d at 1491) (citations omitted).

The Court finds that the Debtor failed to demonstrate or proffer evidence that Hoeflich acted in an objectively unreasonable manner by engaging in serious and studied

-18-

disregard for the process of justice, pursued a claim that is without a plausible legal or factual

basis, or pursued a path that a reasonably careful attorney would have known to be unsound.

For the reasons articulated *supra* in Section III.A., the Court finds the motion unsupported

by the record and devoid of any evidence that Hoeflich acted in an unreasonable manner in

violation of 28 U.S.C. § 1927. Therefore, the Court denies the Debtor's request to sanction

Hoeflich under this statute.


## IV.  CONCLUSION

For the foregoing reasons, the Court denies the Debtor's motion for sanctions against

the Plaintiff and Hoeflich.

This Opinion constitutes the Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be

entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: ___12/10/7___          _____
                                    John H. Squires
                             United States Bankruptcy Judge


cc: See attached Service List

## SERVICE LIST

### Fiala v. Lindemann
### Adversary No. 06 A 01661

Andrea Hoeflich, Esq.
Law Office of Andrea Hoeflich
6900 S. Main Street
Suite 209
Downers Grove, IL 60516

Richard L. Hirsh, Esq.
Richard L. Hirsh & Associates PC
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532-2135

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606